JOHN MAGEE & another, executors, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Essex.    January 15, 1926. — June 29, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Tax,* On legacies and successions. *Constitutional Law,* Taxation, Retroactive statute. *Statute,* Construction. *Words,* "Succession."

The general principle, underlying all inquiry as to the constitutionality of statutes, is that every presumption is made in favor of their validity, and enforcement is refused only when conflict with the Constitution is clear.

Succession to property is a commodity within the meaning of c. 1, § 1, art. 4 of the Constitution of the Commonwealth; and the tax authorized by St. 1919, c. 342, § 4, was an excise levied upon that commodity pursuant to the presumed authority of the constitutional provision.

A testatrix domiciled in this Commonwealth died on July 6, 1919, possessed of real and personal property and leaving a will by which two trust funds were established and gifts were made entitling the beneficiaries to ownership, possession and enjoyment, subject only to the law covering the administration and settlement of estates. The will was proved on August 4, 1919. The commissioner of taxation levied a

tax upon interests under the will, purporting to act under St. 1919, c. 342, § 4, which went into effect on July 22, 1919. Upon a petition for abatement of the tax, it was agreed that on the date when the statute went into effect the estate "had not in any wise been fully administered nor had any of the persons beneficially interested under the said will received in any purported distribution any of the property passing thereunder." *Held*, that

    (1) A commodity subject to the excise still existed when the statute went into effect;

    (2) The purpose of the Legislature to impose a tax in such circumstances was plain;

    (3) As applied to the circumstances, the statute was not open to objection as being in conflict with the Constitution of the Commonwealth or with the Fourteenth Amendment to the Constitution of the United States;

    (4) *Whether* the statute would be constitutional as to a case, if any such ever should arise, where it would operate retroactively in an accurate sense, was not determined.

A statute may be constitutional as applied to some states of facts and violative of rights secured by the fundamental law as applied to other states of facts.

PETITION, filed in the Probate Court for the county of Essex on March 16, 1921, for the abatement of a portion of the succession tax assessed upon all interests passing by the will of Harriet M. Magee, late of Beverly.

The petition came on for hearing by *Dow*, J., upon a case stated. Material facts are stated in the opinion. The judge found the facts as stated, and reserved and reported the case for determination by this court.

*P. B. Buzzell*, for the petitioners.

*M. F. Weston*, Assistant Attorney General, for the respondent.

RUGG, C. J. This is a petition for the abatement of a part of the legacy and succession tax collected from the estate of the testatrix of the petitioners. It was brought under G. L. c. 65, § 27. It was heard upon a case stated and comes before us by report under G. L. c. 215, § 13. The testatrix died on July 6, 1919, seised of real estate in this Commonwealth and owning a considerable amount of tangible and intangible personal property. Her will was proved and allowed on August 4, 1919.

The single question for decision is whether the part of the legacy and succession tax assessed under St. 1919, c. 342,

§ 4, was lawful.   An additional tax of twenty-five per cent
on all legacy and succession taxes then in force was imposed
by St. 1918, c. 191.   That act took effect on May 3, 1918,
but was limited in its operation to property and interests
therein "passing or accruing upon the death of persons who
die subsequent to the passage hereof and within one year
thereafter."   Hence it expired on May 3, 1919.   St. 1919,
c. 342, which took effect on July 22, 1919, contained in § 4
this provision: "Chapter one hundred and ninety-one of the
General Acts of nineteen hundred and eighteen is hereby
revived and re-enacted, and made applicable to property
or any interest therein passing or accruing upon the death of
persons who died subsequent to the passage hereof and within
one year thereafter *or who have died in the interval between
the third day of May in the current year and the date of said
passage.*"   The meaning of this section is unmistakably
clear.   The tax here involved was imposed in precise ac-
cordance with its terms.   The single point for decision is
whether the final clause of said § 4, embodied in its last
twenty-three words and italicized by us for convenience in
the above quotation, is within the constitutional power of the
Legislature.   The contention is that the retroactive feature
of the section whereby the tax is imposed on property passing
or accruing upon the death of persons dying between May 3,
1919, when St. 1918, c. 191, expired, and July 22 of the same
year, when St. 1919, c. 342, took effect, a period of eleven
weeks and three days, is not within the constitutional power
of the General Court.

The general principle underlying all inquiry as to the
constitutionality of statutes is that every presumption is
made in favor of their validity and enforcement is refused
only when conflict with the Constitution is clear.   *Perkins*
v. *Westwood*, 226 Mass. 268, 271, and cases there collected.

It is common knowledge that said chapters 191 and 342
were extraordinary and special legislation designed to raise
revenue to meet peculiar expenses incident to the great war.
There has been no further revival or reënactment of their
provisions and they have not become a permanent part of
our scheme of taxation.

The tax here assailed is an excise pursuant to the presumed authority "to impose and levy, reasonable duties and excises, upon any produce, goods, wares, merchandise, and commodities, whatsoever, brought into, produced, manufactured, or being within the" Commonwealth. Constitution of Massachusetts, c. 1, § 1, art. 4. Specifically, the excise is levied upon the succession to property which occurs upon the death of the former owner. That is a commodity within the meaning of the quoted clause of the Constitution. Such succession to property comprehends several elements. It includes not only the privilege exercised by the former owner to dispose of his property by will or grant, or to allow it to descend under the laws of intestate succession, but also the privilege enjoyed by the legatee, devisee, donee or heir to succeed to the title, possession and enjoyment of the property according to established laws. There are numerous adjudications where expressions have been used to the effect that the privilege of succession with all factors thereby imported, whether title, or possession and enjoyment, is in itself a commodity in its constitutional sense, susceptible of validly being made subject to an excise. In *Attorney General v. Stone*, 209 Mass. 186, at page 190, it was said: "This is an excise tax, imposed not only upon the right of the owner of property to transmit it after his death, but also upon the privilege of his beneficiaries to succeed to the property thus dealt with. *Minot v. Winthrop*, 162 Mass. 113, 124. *Crocker v. Shaw*, 174 Mass. 266, 267. The privilege is not fully exercised until the property shall have come into the possession of the beneficiary. This rule underlies the reasoning of *Minot v. Treasurer & Receiver General*, 207 Mass. 588. And see the cases there cited. Until the full exercise of such privilege and while as yet no tax has been assessed and paid thereon, we see no reason why, by a general rule applicable to all such cases, any pending liability to taxation may not be regulated so as to subject it to a just and uniform method of assessment, even though some change may thereby be made from the method previously adopted." In *Burnham v. Treasurer & Receiver General*, 212 Mass. 165, at page 167, an excise was upheld "as a tax levied upon the privilege ex-

ercised by the beneficiaries on their coming into the possession and enjoyment of the property."

There are numerous cases which show that the estate of a decedent is within the power of the State for taxation purposes until actual distribution to the persons entitled to receive it. See, for example, *Welch* v. *Boston*, 211 Mass. 178.

The facts in none of the cited cases go quite as far as those here presented, where under the will the gifts, with the exception of remainders in two trusts funds, are instant, entitling the beneficiaries to immediate possession and enjoyment subject only to the law governing the administration and settlement of estates. Nevertheless, the possession and enjoyment of the property in the case at bar had not actually passed to the beneficiaries at the time of the enactment of the statute under which the excise was levied. That is manifest from the fact that the will of the testatrix was not allowed and her executors were not appointed until after the passage of the statute.

Doubtless the right to share in the estate, real and personal, according to the terms of the will vested in the beneficiaries of the direct gifts immediately on the death of the testatrix. *Davis* v. *Newton*, 6 Met. 537, 541. *Hooper* v. *Bradford*, 178 Mass. 95, 97. *Kingsbury* v. *Chapin*, 196 Mass. 533, 538. To that extent all the rights involved were vested. The commodity known as succession, however, had not come to an end until after the statute became effective. Clearly this was so as to personal property. Possession and title to that vested in the executors and must be handed over by them to the beneficiaries under the will. It was also true of the real estate. That was subject to be sold to satisfy debts, legacies and charges of administration during the appropriate period of administration. R. L. c. 146, § 1, now G. L. c. 202, § 1. Moreover, it is said in the record in the case stated that "on July 22, 1919, the date upon which St. 1919, c. 342, went into effect, the estate of the said Harriet M. Magee had not in any wise been fully administered nor had any of the persons beneficially interested under the said will received in any purported distribution any of the property passing thereunder." It follows that in the case at bar a

commodity, as that word of the Constitution has been described in our decisions, still existed when said c. 342 was enacted, which might be made subject to the excise. The commodity of succession was not complete as to the element of possession and enjoyment of the property passing when said c. 342 took effect. The purpose of the Legislature is plain to impose the excise upon estates like the present. The estate was in the custody of the law for the purpose of settlement to be accomplished in the future, and hence the succession was not at an end.

Statutes imposing taxation are not to be construed as operating retroactively unless the legislative intention is clearly declared. It may be conceded that the constitutionality of such statutes is open to grave doubt. *Shwab* v. *Doyle*, 258 U. S. 529. *Levy* v. *Wardell*, 258 U. S. 542. *Estate of Stanford*, 126 Cal. 112. *Lewellyn* v. *Frick*, 268 U. S. 238. That would be especially true as to an excise on commodities under our Constitution.

The statute here attacked as applied to the estate of the testatrix is not open to objections on constitutional grounds. It does not in truth operate retroactively with reference to the present estate. The tax was imposed upon a commodity still in existence when the statute went into effect. The words subjecting to the tax thereby established property "passing or accruing" upon the death of persons occurring in the interval between the third of May, 1919, and the twenty-second of the following July, although in form bearing some of the aspects of a retroactive statute, in substance and effect are not of that nature as applied to the vast majority of cases. It would in fact operate upon the succession by the beneficiaries to the free and unencumbered title, possession and enjoyment of the property accruing to heirs of intestate estates and to beneficiaries under wills in most instances. In that period of less than three months, as a practical matter, no estate could well be settled and no property thus passing and accruing could ordinarily pass into the actual possession and enjoyment of the beneficiary free from the liabilities incident to administration of the estates of decedents. No action by a creditor could be brought

within less than six months after the appointment of the executor or administrator. R. L. c. 141, § 1, now G. L. c. 197, § 1. No payment of legacy or distributive share could be required within one year from such appointment without the giving of a bond. R. L. c. 141, § 20, now G. L. c. 197, § 21. No devisee could be sure in law that his land might not be needed for debts or possibly for legacies. R. L. c. 146, § 1, now G. L. c. 202, § 1. In any event, as already stated, it does not operate retroactively so far as concerns these petitioners. Whether the statute would be constitutional as to a case, if any such ever should arise, where it would operate retroactively in an accurate sense, need not be decided in the case at bar nor until such case arises. The remote possibility that there may be such case and that it may involve difficult questions does not affect the validity of the statute as applied to the case at bar.

A statute may be constitutional as applied to some states of facts and violative of rights secured by the fundamental law as applied to other states of facts. *Sears* v. *Aldermen of Boston,* 173 Mass. 71, 79, 80. *Thurman* v. *Chicago, Milwaukee & St. Paul Railroad,* 254 Mass. 569, 575. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239. *W. & J. Sloane* v. *Commonwealth,* 253 Mass. 529. There is nothing inconsistent with this conclusion in *White* v. *Gove,* 183 Mass. 333.

We are unable to perceive anything in the statute in its application to the case at bar incompatible with the Fourteenth Amendment to the Constitution of the United States. *Cahen* v. *Brewster,* 203 U. S. 543. *Chanler* v. *Kelsey,* 205 U. S. 466. *Moffitt* v. *Kelly,* 218 U. S. 400. *Billings* v. *United States,* 232 U. S. 261. *Nickel* v. *Cole,* 256 U. S. 222.

The conclusion here reached is in harmony with numerous decisions in other States of the Union. Reference is made to them, although this judgment rests upon the grounds already stated. *Montgomery* v. *Gilbertson,* 134 Iowa, 291. *State* v. *District Court,* 70 Mont. 322. *Congregational Home Missionary Society* v. *Bugbee,* 101 N. J. L. 214. *Manning* v. *Board of Tax Commissioners,* 46 R. I. 400.

*Petition dismissed.*