FLORENCE E. DRYDEN, REGISTER OF WILLS, *v.* BALTIMORE TRUST COMPANY, EXECUTOR.

[No. 39, April Term, 1929.]

*Decided June 25th, 1929.*

The causes were argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Willis R. Jones, Assistant Attorney General,* with whom was *Thomas H. Robinson, Attorney General,* on the brief, for Florence E. Dryden.

*Frank B. Ober* and *William A. Grimes,* with whom were *Janney, Ober, Slingluff & Williams* on the brief, for the Baltimore Trust Company.

Digges, J., delivered the opinion of the Court.

This record presents cross-appeals from a judgment of the Superior Court of Baltimore City in favor of Florence E. Dryden, register of wills of Somerset County, on behalf of the State of Maryland, against the Baltimore Trust Company, executor of Edward E. Tull, deceased, in the amount of $318.73, which was determined to be the amount of the collateral inheritance tax due and payable by the executor to the register of wills for the use of the State. The question was presented to the lower court by a case stated, and is a question of law only.

The facts are that Edward E. Tull, a resident of Somerset County, died on April 29th, 1927, leaving a last will and

testament which was admitted to probate in the orphans court of that county, and under which will the Baltimore Trust Company was named executor; that on November 13th, 1928, the executor filed its first administration account, which showed that all property received by it on October 23rd, 1928, from the Baltimore Trust Company, administrator *pendente lite,* had been properly accounted for and distributed, with the exception of $6,000, retained to cover additional taxes and to protect the executor against a rejected claim; that the executor paid to the register of wills of Somerset County, for the use of the State of Maryland, $11,213.23, being the collateral inheritance tax assessed upon the corpus of the estate as of the date of the death of Edward E. Tull, without prejudice to the right of the State to claim additional collateral inheritance tax on income or increase in value of the estate from the date of the decedent's death to the date of distribution by the executor; that from April 29th, 1927, the date of the death of the testator, to the date of distribution, there was received income or increase in value to the estate of $54,977.11; that between the death of the testator and the 1st day of June, 1927, the sum of $1,425 was received, which represented all of the increase or income actually due up to June 1st, 1927; that up to June 1st, 1927, there had accrued but were not at that time payable items of income aggregating $4,949.54.

The questions submitted by the parties for determination on the foregoing facts are: First, Is there any further collateral inheritance tax due by the executor? Second, If so, is the additional tax due only on income and increase actually received from April 29th, 1927, the date of the death of Edward E. Tull, to June 1st, 1927, when chapter 43 of the Acts of 1927 became effective? Third, Is the tax due on income and increase actually received over the period above stated, plus income and increase accrued, but not payable until after June 1st, 1927? Or, fourth, Is the tax due on income and increase from April 29th, 1927, to November 13th, 1928, the date of distribution of the estate?

562

Prior to the enactment of chapter 43 of the Acts of 1927, the law of this state was firmly established to the effect that the collateral inheritance tax was collectible and payable by the executor or administrator on the full amount distributed to the collaterals, including any sums so distributed which resulted from income or increase to the estate during the period of administration. *State v. Dalrymple,* 70 Md. 294; *Fisher v. State,* 106 Md. 104; *Safe Deposit & Trust Co. v. State,* 143 Md. 644. This was so because, under the statutes of this state, the tax is not a tax upon the property itself, but is merely the price exacted by the state for the privilege accorded in permitting property situated within its limits to be transmitted by will or by descent or distribution. Cases above cited; *Smith v. State,* 134 Md. 478; *Lilly v. State,* 156 Md. 94. The question, therefore, is: What change in the established law of the state was made by the passage of chapter 43 of the Acts of 1927, which became effective on June 1st, 1927? That act repealed and re-enacted with amendments section 125 of article 81 of the Code, title "Revenue and Taxes," subtitle "Collateral Inheritance Tax," and now reads "Every executor or administrator, to whom administration may be granted, before he pays any legacy or distributes the shares of any estate liable to the tax imposed by the preceding section, shall pay to the Register of Wills of the proper county or city, five per centum of every hundred dollars he may hold for distribution among the distributees or legatees, except as hereinafter provided, and at that rate for any less sum, for the use of the State; this section shall not be construed so as to release any tax already fixed on any collateral inheritance, distributive share or legacy. Such tax shall not be paid or collected upon any increase in value of the estate or income accrued thereon subsequent to the date of death of the decedent, testator, grantor, bargainor or donor."

The change wrought by the enactment of the Act of 1927 in the language of the law as it then stood was to add to section 125: "Such tax shall not be paid or collected upon any increase in value of the estate or income accrued thereon

subsequent to the date of death of the decedent, testator, grantor, bargainor or donor." It is clearly apparent that the legislative purpose was to amend the effect of the prior law as determined by this court, by excluding from the payment of the collateral inheritance tax any increase in value of the estate or income accrued thereon subsequent to the death of the testator, that is, during the period of administration. This act by its terms became operative on June 1st, 1927, and there is nothing to indicate that the Legislature intended to have it operate retroactively. On the contrary, by the retention of the language: "This section shall not be construed so as to release any tax already fixed on any collateral inheritance, distributive share or legacy," the inference is that the purpose was to give the amendment only a prospective effect. The rule applicable to the construction of statutes is that a statute will not be given a retroactive operation unless its words are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature could not be otherwise satisfied, and the policy of the courts is not to so declare them if they can fairly be construed to be intended as prospective. This is the rule uniformly applied by this court in many decisions unnecessary to cite at this time. Our conclusion is that this legislation should be given prospective application, and the exemption therein contained in respect to increase in value of the estate or income accrued during the course of administration does not apply to such income or increase prior to June 1st, 1927.

With respect to the question of whether the tax is payable on the income or increase actually collected prior to June 1st, 1927, or is payable not only on what is collected, but also on that which is earned, but not due and payable up to June 1st, we are of the opinion that it does not apply to such income as had accrued in the sense of being earned but not due and payable to the estate until after June 1st, 1927. Such interpretation is reasonable and just, and gives effect to the declared change of policy by the State as indicated by this legislation, which is, that from and after June 1st, 1927, no

collateral inheritance tax should be paid or collected upon any increase in value of the estate or income accrued after that date. The words "accrue," "accrued" and "accruing," in their generally received sense, are used of something which is to be added or attached to something else. In the past tense the word "accrued" is commonly used in the sense of "due and payable". 1 *Cyc.* 503, 504; *Cutcliff v. McAnally,* 88 Ala. 509; *Fay v. Holloran,* 35 Barb. (N. Y.) 297; *Mundl v. Sheboygan etc. R. Co.,* 31 Wis. 451; *Kennedy v. Burrier,* 36 Mo. 128; *Hall v. Pritchett,* 3 Q. B. Div. 215; 1 *Am. & Eng. Encyc. of Law,* 479.

In *Gross v. Partenheimer,* 159 Pa. St. 556, in considering these terms as applied to interest, the court said: "As generally understood, 'accruing' interest means running or accumulating interest, as distinguished from accrued or matured interest. When we speak of interest which is from day to day accumulating on the principal debt, but which is not yet due and payable, we call it accruing interest. When we refer to interest heretofore payable, but still remaining unpaid, we speak of it as overdue interest, arrears of interest or interest in arrear, just as we speak of rent in arrear." The language of the Act of 1927, ch. 43, is that such tax shall not be paid or collected upon income accrued subsequent to the date of the death of the decedent, which is the past tense of accrue, and we think was used in the sense described by the Pennsylvania court; that is, to say, if a portion of the interest on a mortgage held by the decedent had been earned before his death but was not due and payable to him at the time of his death, it is such income as would be exempted from the collateral inheritance tax, because, although being earned during the lifetime of the decedent, it was not due and payable, and in that sense had not accrued prior to his death. On this branch of the case we hold that only such income as was due and payable to the estate prior to June 1st, 1927, is taxable.

From what we have said, our conclusion may be thus summarized: That a collateral inheritance tax of five per cent. is payable by the executor of Edward E. Tull to the

register of wills for the use of the State upon all income which was due and payable to the estate prior to June 1st, 1927; that, as to the income accruing between the date of death and June 1st, 1927, but not due and payable until after June 1st, 1927, there is no tax. This view being contrary to that held by the trial court, its judgment for $318.73 must be reversed, and judgment entered for the plaintiff for the sum of $71.25.

> *Judgment reversed, and judgment entered, under section 17 of article 5 of the Code, in favor of Florence E. Dryden, Register of Wills of Somerset County, on behalf of the State of Maryland, against the Baltimore Trust Company, executor of Edward E. Tull, deceased, for the sum of $71.25; costs to be paid out of the estate of Edward E. Tull, deceased.*