SADIE E. ROSENBURG ET AL., EXECUTORS, *v.* JOHN H. BOUSE, REGISTER OF WILLS

[No. 27, April Term, 1937.]

*Decided May 25th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and SHEHAN, JJ.

*Joseph S. Goldsmith,* for the appellants.

*William L. Henderson, Assistant Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

The testator died on March 22nd, 1934, and his will, with codicils, was admitted to probate. The residuary estate was devised and bequeathed to trustees, upon a trust to administer the trust during a life in being and to distribute the net income, and, upon the expiration of the life tenancy, to distribute the corpus of the trust as the will directs. The *cestuis que trustent* are all collateral beneficiaries, except the widow, who survives. The Orphans' Court has determined that the value of the interest of the widow is twenty-five per centum of the total value of the residuary estate, and that seventy-five per centum of this estate is subject to whatever collateral inheritance tax is applicable. Code, art. 81, sec. 138, as re-enacted by Acts 1929, ch. 226, p. 676, sec. 119.

The assets of the estate, other than cash, have been appraised as of May 17th, 1935, at $535,639.94 by the Orphans' Court. The same assets were similarly appraised at $625,001.69 as of January 23rd, 1936, the day on which the assets were delivered by the executors to the trustees. The increase in value was $89,361.75. Seventy-five per centum of the gain is $67,021.32.

After May 17th, 1935, the executors received and had for distribution net income in the amount of $15,536.05. Sixty per centum of this amount went to the widow and forty per centum, or $6,214.42, was payable to collateral beneficiaries.

There is no dispute that the collateral inheritance tax is payable upon seventy-five per centum of such value as the assets of the estate of the testator distributed had at the time of his death. The controversy arises over (a) whether the amount of the increase in appraised value of the assets between the time of the death of the testator and the time of the transfer of the assets by the executors to the trustee is subject to the tax and (b) whether the net income received by the executors since May 17th, 1935, to the date of distribution by the executors to the beneficiaries, is subject to the collateral inheritance tax.

The dispute arises from the fact that the testator died on March 22nd, 1934, and that after his death, but before the day of delivery by the executors of the personal property in trust to the trustees, and the distribution by the executors of the net income to the collateral beneficiaries, the Act of 1935, chapter 520, of the General Assembly of Maryland, was passed and became effective on May 17th, 1935. On this date the estate had been in course of administration for more than one year.

At the death of the testator the statute exempted from the imposition of the collateral inheritance tax any increase in value of the estate or any income thereon accrued subsequent to the date of the death of the decedent. Acts 1927, ch. 43, sec. 1; Code, art. 81, sec. 125; Acts 1929, ch. 226, sec. 106; Code (Supp. 1929) art. 81, sec. 106. The exemptions mentioned remained in effect and were re-enacted by section 106 of chapter 90 of the Acts of 1935 (page 159), which became effective on March 16th, 1935. The amendment made of section 106 by this act increased the rate of the tax to be paid by the executor for distribution among the distributees or legatees within the statute. The exemptions in question were, however, repealed on May 17th, 1935, by an amendment made for that express purpose by chapter 520 of the Acts of 1935 (page 1076). Code (1935 Supp.) art. 81, sec. 106. The repeal became effective on the date of its passage.

After the day this statute became effective, and while it continued in operation, the executors to whom letters testamentary had been granted on the estate of the testator had in their possession as executors the personalty whose appraised value had increased since the original appraisement, and the income which had accrued on the personalty after the date of the death of the decedent. The increase in appraised value and the accumulated income are therefore within the language of section 106 as now amended. Its terms required the executors to pay the tax on the subsisting appraised value of the personalty and on the amount of income before the personalty

and income were distributed and delivered, as the legacies or distributive shares are, admittedly, subject to the tax. Sections 105-107.

The creation by express legislation of these exemptions of such increased value and income from the operation of the statute which had imposed the tax, and the subsequent repeal of these exemptions, are conclusive evidence of legislative consideration of the question of their inclusion or exclusion in the determination of the valuation of the legacy or share for the purpose of taxation. So, the present statutory provision is the last declaration of the General Assembly on this subject matter. The effect of the repeal of the exemptions is, therefore, a clear expression of the legislative intention that the exemptions are at an end. There is no provision that the repeal of the exemptions is not to affect the estate of a decedent who had died before the repeal and whose estate was not ready for distribution until after the repeal became operative. See Acts 1929, ch. 226, sec. 14, pp. 725, 726.

Not only is the intention of the Legislature evident from its language, but its fulfilment is not in violation of any canon of construction nor principle of law. The collateral inheritance tax is not a tax on the property affected, but is a tax on the privilege of succeeding to the inheritance, of receiving a distributive share, or of becoming a beneficiary under the will. *State v. Dalrymple,* 70 Md. 294, 299, 17 A. 82; *Tyson v. State,* 28 Md. 577; *Wingert v. State,* 129 Md. 28, 30, 98 A. 224; *Fisher v. State,* 106 Md. 104, 119, 66 A. 661; *Washington Hospital Assn. v. Mealey's Estate,* 121 Md. 274, 280, 88 A. 136, 140; *Good Samaritan Hospital v. Dugan,* 146 Md. 374, 378-383, 126 A. 85. The State may, therefore, measure or fix the amount of the tax by reference to the value of the property passing, without regard to the nature of such property. *Cooley on Taxation* (4th Ed.) secs. 1721-1723, 1726, 1727; *Plummer v. Coler,* 178 U. S. 115, 20 S. Ct. 829, 44 L. Ed. 998. And so the collateral inheritance tax may be imposed upon the clear value of the personal property at the time of its transfer and

delivery to the beneficiary or distributee, and not at the time of the decedent's death. *Fisher v. State*, 106 Md. 104, 117, 66 A. 661; *Safe Deposit & Trust Co. v. State*, 143 Md. 644, 648, 649, 123 A. 50; *Lilly v. State*, 156 Md. 94, 104, 105, 143 A. 661; *Dryden v. Baltimore Trust Co.*, 157 Md. 559, 562-565, 146 A. 752; *Darnall v. Connor*, 161 Md. 210, 213, 215-217, 155 A. 894; *Downes v. Safe Deposit & Trust Co.*, 164 Md. 293, 300, 164 A. 874; *Bouse v. Hull*, 168 Md. 1, 6-8, 176 A. 645; *General German Aged People's Home v. Hospital* (*Textor v. Textor*), 170 Md. 128, 130, 183 A. 247. See *State v. Safe Deposit & Trust Co.*, 132 Md. 251, 253, 103 A. 435.

Having found the true intent of the Legislature from its clear expression in the statute, that intent to abolish former exemptions must prevail in all those instances within its meaning. It is a reasonable legislative choice that the tax be imposed upon the clear value of the personalty at the time of its transfer or delivery to the collateral beneficiary. *Darnall v. Connor*, 161 Md. 210, 215-217, 155 A. 894.

The conclusion of the lower court that the tax was to be paid upon the valuation of the personalty as of the time of its transfer to the distributee, and upon the amount of income received by the executors after the decedent's death, is in accordance with the decisions cited of this court, and the terms of chapter 520 of the Acts of 1935, which imposes the tax on all unpaid and undelivered legacies and distributive shares, without an exemption of an increase in appraised value or of the net income received, although decedent may have died before the passage of the amendment. *Supra;* 61 *C. J.* sec. 2391, p. 1615; *Cahen v. Brewster*, 203 U. S. 543, 27 S. Ct. 174, 51 L. Ed. 310; *Attorney General v. Stone*, 209 Mass. 186, 95 N. E. 395; *Magee v. Commr. of Corporations and Taxation*, 256 Mass. 512, 153 N. E. 1; *In re Short's Estate*, 16 Pa. 63; *Carpenter v. Pennsylvania*, 17 How. 456, 15 L. Ed. 127; *Atty. Gen. v. Manners*, 1 Price, 411, 145 Eng. Reprint, 1446.

On the errors assigned there is no ground of reversal, and the judgment will be affirmed.

*Judgment affirmed, with costs to the appellee.*