SAFE DEPOSIT & TRUST CO. OF BALTIMORE, ET AL. *v.* JOHN H. BOUSE, REGISTER OF WILLS
JOHN H. BOUSE, REGISTER OF WILLS, *v.* SAFE DEPOSIT & TRUST CO. OF BALTIMORE

[Nos. 72 and 73, October Term, 1942.]

352

*Decided January 27, 1943.*

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS, MARBURY, and GRASON, JJ.

*Charles G. Page* and *Randolph Barton, Jr.,* with whom was *George M. White* on the brief, for the Safe Deposit & Trust Company and others.

*Hall Hammond, Deputy Attorney General,* and *D. Heywood Hamilton, Jr., Assistant Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for John H. Bouse, Register of Wills.

DELAPLAINE, J., delivered the opinion of the Court.

In 1922 Ellen M. Tormey, of Baltimore, bequeathed one-fourth of the residue of her estate in trust for her son, Alfred J. Tormey, for life, and after his death to

his child or children living at the time of his death, but if he should die without leaving any surviving children, or if his children should all die before the age of twenty-one years, then to her daughters, Mary Helen Plummer, Mary Rosalie Power and Mary Elizabeth Devries. She made this bequest to her son on condition that he would make a deed of trust within six months after her death, providing for a similar devolution of all property which he might receive from the estate of his grandfather, Alfred Jenkins, of which she was the life tenant. She also bequeathed one-fourth of the residue of her estate in trust for her daughter, Mary Helen Plummer, and after her death to her child or children living at the time of her death, but if she should die without leaving any surviving children, or if her children should all die before the age of twenty-one years, then to her son and other two daughters. She imposed upon this bequest a condition similar to that which she exacted of her son.

Mrs. Tormey died on February 8, 1923. In May, 1923, her son and daughter each made a deed of trust in accordance with the terms of the will. In 1940 the son died without any surviving children. In 1941 the daughter died leaving three children. The Safe Deposit & Trust Company of Baltimore, trustee, and the remaindermen petitioned the Circuit Court of Baltimore City to determine the amount of State inheritance tax, if any, payable on the succession to the remainder interests. The chancellor ruled that no inheritance tax is payable by the remaindermen (1) under the testamentary trust created for the benefit of the son, (2) under the testamentary trust created for the benefit of the daughter, and (3) under the daughter's deed of trust; but that an inheritance tax is payable by the remaindermen (4) under the son's deed of trust. John H. Bouse, Register of Wills for Baltimore City, appealed from the first three rulings. The trustee and remaindermen appealed from the fourth ruling.

The Maryland inheritance tax is not a tax upon property, but an excise tax upon the privilege accorded by

the State of receiving property on the death of its former owner. *State v. Dalrymple,* 70 Md. 294, 17 A. 82; *Washington County Hospital Ass'n v. Mealey's Estate,* 121 Md. 274, 88 A. 136; *Good Samaritan Hospital v. Dugan,* 146 Md. 374, 126 A. 85; *Downes v. Safe Deposit & Trust Co.,* 164 Md. 293, 164 A. 874, 86 *A. L. R.* 1024; *Bouse v. Hull,* 168 Md. 1, 176 A. 645; *Rosenburg v. Bouse,* 172 Md. 530, 192 A. 323. The constitutionality of inheritance taxes is based upon the principle that the right of a person to transfer property upon his death to others, or the right of a person to receive property by will or inheritance, is not a natural right but a privilege granted by the State. The imposition of such a tax is nothing more than the exercise of the power which every State possesses of regulating the manner and terms upon which property within its dominion may be transmitted by will or inheritance. Thus the State conferring the privilege of transmission of property or succession to property may require a person receiving the benefit of such privilege to pay an excise tax for its enjoyment. *Mager v. Grima,* 8 How. 490, 12 *L. Ed.* 1168; *Plummer v. Coler,* 178 U. S. 115, 130, 20 S. Ct. 829, 44 *L. Ed.* 998; *Bouse v. Hutzler,* 180 Md. 682, 26 A. 2d 767, 141 *A. L. R.* 843.

While the State has the power to lay an excise tax upon succession to property occurring after the taxing statute takes effect, such a statute cannot be constitutionally applied to a succession taking effect before the enactment of the statute. Of course, the succession may not occur immediately on the death of the testator. It may occur after his death in accordance with the terms of his will. The criterion for the taxable occasion is not the time when the estate was transferred, but when the estate passed to and vested in the beneficiary. The vesting in interest constitutes the succession. So the words "intended to take effect in possession" in our statute (Code, 1939, Art. 81, Sec. 111) actually mean intended to transfer ownership apart from any immediate occupancy or use. *Downes v. Safe Deposit & Trust Co.,* 163 Md. 30, 38, 161 A. 400, 403. In *Bouse v. Hull,* 168 Md. 1, 5, 176

A. 645, 648, the court declared that the right of a beneficiary to receive his legacy or distributive share signifies a right which not only may but in fact does "become consummate in possession or the right of possession." The Supreme Court of Pennsylvania likewise recognized that the inheritance tax is not a tax on the transfer of title to property, but a tax on the transfer of enjoyment, which really means "the right of enjoyment." In re *Houston's Estate*, 276 Pa. 330, 331, 120 A. 267, 268. Accordingly the rate of inheritance tax is to be determined according to the law in effect at the time when remainders vest in interest, when the rights of the parties become fixed and certain, and not when the remainders pass in possession upon the death of the life tenant. This rule is applicable whether the remainder be vested or contingent. *Lilly v. State*, 156 Md. 94, 102, 143 A. 661.

The Direct Inheritance Tax Act was enacted by the Legislature of this State in 1935. Acts of 1935, Chap. 90; Acts of 1936, Sp. Sess., Chap. 124; Code, 1939, Art. 81, Sec. 109 et seq. Therefore, the question to be decided is whether the remainders under the testamentary trusts had so vested prior to the taking effect of the Direct Inheritance Tax Act that there was thereafter no occasion in respect to which the tax might constitutionally be imposed. The law is established in Maryland that where there is a request to a person for life, with remainders to his children, the remainders are contingent until one of such children is born; for a contingent remainder is one which is either limited to a person not in being or not certain or ascertained, or so limited to a certain person that his right to the estate depends upon some contingent event in the future. But when a child is born, and the remainderman is then ascertainable, the remainder immediately becomes vested, for a vested remainder is one which is limited to a person in being, whose right to the estate does not depend upon the happening or failure of any future event. So a bequest to a certain person for life, and at his death to any surviving child or children, but in the event he should die

without issue, his estate should go to a third person gives a vested remainder to any child of the life tenant immediately upon its birth. The defeasible nature of the remainders resulting from the defeat of the remainder interest upon the death of any child before the age of twenty-one years does not have the effect of making the remainders contingent. This possibility of such loss is a condition subsequent not a condition precedent. As the law prefers to treat a remainder as vested rather than contingent, remainders are often held to be vested even though they may be defeated before the termination of the precedent estate and consequently may never be enjoyed in possession. If the condition subsequent or contingency, which would cause a vested estate to be divested, if it occurred, does not occur, there is no divestiture, and the estate remains vested. *Bishop v. Horney,* 177 Md. 353, 9 A. 2d 597; *Hans v. Safe Deposit & Trust Co.,* 178 Md. 52, 12 A. 2d 208.

It is therefore our opinion that since Mrs. Plummer had children, the remainders passing under the testamentary trust for her benefit and under her deed of trust were vested remainders. These remainders are not subject to tax, for the Direct Inheritance Tax Act of 1935 cannot constitutionally be applied to interests vested in beneficiaries prior to the effective date of the Act. It is our decision that even though a remainder may have to be opened to let in after-born children, or may be divested as a result of the death of the remaindermen without issue, nevertheless if it is a vested remainder it is not subject to a subsequent inheritance tax statute, although enacted prior to the end of the life estate. *Lacey v. State Treasurer,* 152 Iowa 477, 132 N. W. 843, 846. On the contrary, the remainders under the testamentary trust for the benefit of Alfred J. Tormey and under his deed of trust were contingent, since he had no children, and these remainders did not vest in interest until his death in 1940.

The trustee and remaindermen relied on the statement in *Reilly v. Mackenzie,* 151 Md. 216, 134 A. 502,

48 *A. L. R.* 778, that there is no substantial difference in actual value between a remainder which is vested but liable to be defeated by the death of the remainderman before the life tenant, and a vested interest in a contingent remainder where the contingency is the survival of the remainderman after the death of the life tenant. However, the courts recognize that the time of vesting is the time of succession. The State of Maryland has adopted the general rule of the common law that a contingent estate, where the person to take is not ascertained, is a mere possibility not coupled with an interest, and is neither devisable, descendible, alienable by voluntary conveyance, nor subject to execution. Such a bare possibility is not considered in law as a property right or claim. A person having such a possibility may have a right or claim in the future, but he cannot be said to have any existing right or claim. In re *Banks' Will,* 87 Md. 425, 440, 40 A. 268, 673.

The distinction between vested and contingent remainders in determining the date of succession to property has been recognized by the United States Supreme Court. In *Coolidge v. Long,* 282 U. S. 582, 51 S. Ct. 306, 309, 75 *L. Ed.* 652, it was held that a statute imposing an excise tax on succession cannot be applied to mere entry into possession, where the right to possession upon the happening of a specified event had vested prior to the passage of the statute, because such imposition would violate the contract clause of the Federal Constitution, and take private property without due process of law in violation of the Fourteenth Amendment. Justice Butler said in that case: "The fact that each son was liable to be divested of the remainder by his own death before that of the survivor of the grantors does not render the succession incomplete. The vesting of actual possession and enjoyment depended upon an event which must inevitably happen by the efflux of time, and nothing but his failure to survive the settlors could prevent it. * * * Succession is effected as completely by a transfer of a life estate to one and remainder over to

another as by a transfer in fee." In *Binney v. Long,* 299 U. S. 280, 57 S. Ct. 206, 209, 81 *L. Ed.* 153, the court considered whether a succession tax was applicable to an estate created before the passage of the taxing statute, where the remainders were contingent and did not vest until the death of the life tenant after the enactment. It was urged by counsel, as in the case at bar, that in considering the question of liability to the succession tax the court should disregard the technical rules relating to the vesting of interests and look to the substance. Justice Roberts, however, declared: "Having relied on legal rather than practical considerations to invalidate the tax in *Coolidge v. Long* it would be inconsistent here to rely on practical rather than legal considerations to invalidate the same tax. The Commonwealth was not prevented * * * from taxing the succession * * * upon the occasion of the intestate's death since the appellants' estates never vested until that event."

It was also argued that Mrs. Plummer did not reserve in her deed of trust any power of revocation or retain any reversion or other interest in the remainders, and hence no interest passed at the time of her death. The early statutes in this country taxing property passing by will or inheritance were followed by a resort to various means for avoiding liability to the tax. Among the methods commonly used were gifts in contemplation of death and transfers wherein the grantor reserved the income for life. For example, this court held in 1932 that the Legislature did not intend to impose an inheritance tax upon the transfer of an estate by deed of trust, by which the settlor completely parts with all interest in or control over the estate, and there is no passing of interest at death. The court decided that where a person makes a deed of trust giving himself the income for life, the gift is immediate and complete if he has no control over the ultimate devolution of the property, even though he reserves the power of revocation. *Downes v. Safe Deposit & Trust Co.,* 163 Md. 30, 161 A. 400. The schemes for evading estate and succession

taxes were met by the passage of amendments intended to close the avenues to tax avoidance. Thus the statutes of most States now include among taxable transfers those intended to take effect in possession or enjoyment at or after the transferor's death, and the statutes imposing succession taxes upon such transfers are constitutional. *Darnall v. Connor,* 161 Md. 210, 155 A. 894; *Blodgett v. Guaranty Trust Co. of New York,* 114 Conn. 207, 158 A. 245, affirmed, *Guaranty Trust Co. of New York v. Blodgett,* 287 U. S. 509, 53 S. Ct. 244, 77 *L. Ed.* 463. In 1936 the Maryland Legislature broadened the law of this State by declaring that the inheritance taxes shall apply to all property passing by will or under the intestate laws, or by deed, gift, grant, bargain or sale made in contemplation of death, or intended "to take effect in possession at or after the death of a decedent." The Act is applicable to all property over which the decedent "retained any dominion during his lifetime," and the Act expressly states that the reservation of any beneficial interest in favor of the decedent shall be deemed to constitute "dominion" within the meaning of the Act. Acts of 1936, Sp. Sess., Chap. 124; Acts of 1937, Chap. 189; Code, 1939, Art. 81, Sec. 111. This court holds that a deed of trust by which a person conveys property in trust to pay to himself the income for life, and upon his death to pay the *corpus* to designated beneficiaries passes a beneficial interest subject to the Maryland Inheritance Tax Act as a transfer intended "to take effect in possession at or after the death of a decedent." We can make no distinction in the application of the Inheritance Tax Act between a testamentary transfer and a transfer *inter vivos* intended to take effect at death. So, when a deed of trust passes the present title to property, the settlor retaining the life estate, the Legislature is without power to impose subsequently a succession tax accruing at the termination of the grantor's life estate, merely on the ground that the grantee was without immediate possession of the property during the life estate. *Hunt v. Wicht,* 174 Cal. 205, 162 P. 639, 641.

The Maryland Act provides that whenever a life estate shall pass to a certain person and a contingent remainder shall pass to another person, the Orphans' Court shall determine the value of the life estate and assess the inheritance tax against it. When such life estate is valued, the remainderman may apply for the valuation of his remainder interest, and the tax so ascertained shall be paid within thirty days after its ascertainment. If, however, the remainderman shall fail to apply within a reasonable time after the valuation of the life estate, or shall fail to pay the tax so assessed within thirty days after the date of such determination, then he must pay a tax on the whole value of the property as of the date when it vests in possession. Code, 1939, Art. 81, Secs. 124, 125. It is undoubtedly true that, under this provision for advanced valuation and assessment, a contingent remainderman has the right to pay a tax on something which he may possibly never receive. But the court cannot hold that this privilege changes by implication the firmly established principle of law that the time of the vesting of a remainder is the taxable occasion for the imposition of an inheritance tax.

It is therefore our opinion that the chancellor should have ruled, not only that the contingent remainders under the son's deed of trust are subject to collateral inheritance tax, but also that the contingent remainders vesting under his mother's will at the time of his death are subject to direct inheritance tax, because these remainders did not vest after the Direct Inheritance Tax Act took effect.

> *Decree affirmed in part and reversed in part, and cause remanded for the passage of a decree in conformity with the views expressed in this opinion, the costs to be paid out of the estate.*