540 A.2d 1162

Eva C. HALL et al.

v.

Joseph W. VALLANDINGHAM, Personal Representative of the Estate of William Martin Vallandingham, Jr.

No. 1278, Sept. Term, 1987.

Court of Special Appeals of Maryland.

May 9, 1988.

Thomas F. Mudd (Mudd, Mudd & Fitzgerald, P.A., on the brief), La Plata, for appellants.

No Brief or Appearance by Appellee's Counsel.

Argued Before GILBERT, C.J., and MOYLAN and WENNER, JJ.

GILBERT, Chief Judge.

Adoption did not exist under the common law of England,[1] although it was in use "[a]mong the ancient peoples of Greece, Rome, Egypt and Babylonia." M. Leary and R. Weinberg, *Law of Adoption* (4th Ed.1979) 1; Lord Mackenzie, *Studies in Roman Law*, 130–34 (3rd ed. 1870); *American and English Encyclopaedia of Law* (1887) 204, n. 9. The primary purpose for adoption was, and still is, inheritance rights, particularly in "France, Greece, Spain and most of Latin America." Leary and Weinberg, *Law of Adoption*, 1. Since adoption was not a part of the common law, it owes its existence in this State, and indeed in this nation, to statutory enactments.[2] *See also Hillers v. Taylor*, 108 Md. 148, 155–56, 69 A. 715 (1908).

The first two general adoption statutes were passed in Texas and Vermont in 1850. Leary and Weinberg, *Law of Adoption*, 1. Maryland first enacted an Adoption Statute in Laws 1892, Ch. 244, and that law has continued in existence, in various forms, until the present time. The current statute, Maryland Code, Family Law Article Ann. § 5–308 provides, in pertinent part:

"(b) [A]fter a decree of adoption is entered:

(1) the individual adopted:

(i) is the child of the petitioner for all intents and purposes;[3] and

(ii) is entitled to all the rights and privileges of and is subject to all the obligations of a child born to the petitioner in wedlock;

---

**1.** According to J.W. Madden, *Handbook of the Law of Persons and Domestic Relations* (Wash.1931) § 106, adoption in the sense of the term as used in this country was not a part of the English law until 1926.

**2.** *Id.*

**3.** Notwithstanding Maryland law, a child who is eligible for social security survivor's benefits through a deceased natural parent under Federal law does not lose eligibility for the continuation of those benefits because of a subsequent adoption. 42 U.S.C., § 402(d).

(2) each living natural parent of the individual adopted is:

(i) relieved of all parental duties and obligations to the individual adopted; and

(ii) divested of all parental rights as to the individual adopted; and

(3) *all rights of inheritance between the individual adopted and the natural relations shall be governed by the Estates and Trusts Article."* (Emphasis supplied.)

■ The applicable section of the Md.Estates and Trusts Code Ann., § 1–207(a), provides:

"An adopted child shall be treated as a natural child of his adopted parent or parents. On adoption, a child no longer shall be considered a child of either natural parent, except that upon adoption by the spouse of a natural parent, the child shall be considered the child of that natural parent." [4]

With that "thumbnail" history of adoption and the current statutes firmly in mind, we turn our attention to the matter *sub judice.*

Earl J. Vallandingham died in 1956, survived by his widow, Elizabeth, and their four children. Two years later, Elizabeth married Jim Walter Killgore, who adopted the children.

In 1983, twenty-five years after the adoption of Earl's children by Killgore, Earl's brother, William Jr., died childless, unmarried, and intestate. His sole heirs were his surviving brothers and sisters and the children of brothers and sisters who predeceased him.

Joseph W. Vallandingham, the decedent's twin brother, was appointed Personal Representative of the estate. Af-

---

**4.** Although the statute speaks in terms of the "adopted child," the person who is adopted need not be a minor child. *See* Family Law Art. § 5–307(a).

ter the Inventory and First Accounting were filed, the four natural children of Earl J. Vallandingham noted exceptions, alleging that they were entitled to the distributive share of their natural uncle's estate that their natural father would have received had he survived William. Est. & Trusts Art. § 3–104(b).

The Orphan's Court transmitted the issue to the Circuit Court for St. Mary's County. That tribunal determined that the four natural children of Earl, because of their adoption by their adoptive father, Jim Walter Killgore, were not entitled to inherit from William M. Vallandingham Jr.

Patently unwilling to accept that judgment which effectively disinherited them, the children have journeyed here where they posit to us:

"Did the trial court err in construing Maryland's current law regarding natural inheritance by adopted persons so as to deny the Appellants the right to inherit through their natural paternal uncle, when said Appellants were adopted as minors by their stepfather after the death of their natural father and the remarriage of their natural mother?"

When the four natural children of Earl J. Vallandingham were adopted in 1958 by Jim Killgore, then Md.Ann.Code art. 16, § 78(b) clearly provided that adopted children retained the right to inherit from their natural parents and relatives.[5] That right of inheritance was removed by the Legislature in 1963 when it declared: "Upon entry of a decree of adoption, the adopted child shall lose all rights of inheritance from its parents and from their natural collateral or lineal relatives." Laws 1963, Ch. 174. Subsequently, the Legislature in 1969 enacted what is the current, above-quoted language of Est. & Trusts Art. § 1–207(a). Laws 1969, Ch. 3, § 4(c).

The appellants contend that since the explicit language of the 1963 Act proscribing dual inheritance by adoptees was

---

5. "[N]othing in this subtitle shall be construed to prevent the person adopted from inheriting from his natural parents and relatives...."

not retained in the present law, Est. & Trusts Art. § 1–207(a) implicitly permits adoptees to inherit from natural relatives, as well as the adoptive parents.[6]

The right to receive property by devise or descent is not a natural right but a privilege granted by the State. *Safe Deposit & Trust Co. v. Bouse*, 181 Md. 351, 355, 29 A.2d 906 (1943); *Scholey v. Rew*, 90 U.S. 331, 23 Wall. 331, 23 L.Ed. 99 (1874). Every State possesses the power to regulate the manner or term by which property within its dominion may be transmitted by will or inheritance and to prescribe who shall or shall not be capable of receiving that property. A State may deny the privilege altogether or may impose whatever restrictions or conditions upon the grant it deems appropriate. *Mager v. Grima*, 49 U.S. 490, 8 How. 490, 12 L.Ed. 1168 (1850).[7]

Family Law Art. § 5–308(b)(1)(ii) entitles an adopted person to all the rights and privileges of a natural child insofar as the adoptive parents are concerned, but adoption does not confer upon the adopted child *more* rights and privileges than those possessed by a natural child. To construe Est. & Trusts Art. § 1–207(a) so as to allow dual inheritance would bestow upon an adopted child a superior status. That status was removed in Laws 1963, Ch. 174 which, as we have said, expressly disallowed the dual inheritance capability of adopted children by providing that "the adopted child shall lose all rights of inheritance from its parents and from their natural collateral or lineal relatives." We think that the current statute, Est. & Trusts Art. § 1–207(a), did not alter the substance of the 1963 act which eliminated dual inheritance. Rather, § 1–207(a) merely "streamlined" the wording while retaining the meaning.

---

6. It may be that the Legislature may want to revisit this area of the law and determine explicitly whether adopted children may inherit via representation through a deceased natural parent.

7. Since the Legislature is elected by the people, it is answerable to the people, and that is the best safeguard against unreasonable laws concerning inheritance.

Family Law Art. § 5–308 plainly mandates that adoption be considered a "rebirth" into a completely different relationship. Once a child is adopted, the rights of both the natural parents and relatives are terminated. *L.F.M. v. Department of Social Services*, 67 Md.App. 379, 507 A.2d 1151 (1986). Est. & Trusts Art. § 1–207(a) and Family Law Art. § 5–308 emphasize the clean-cut severance from the natural bloodline. Because an adopted child has no right to inherit *from* the estate of a natural parent who dies intestate, it follows that the same child may not inherit *through* the natural parent by way of representation. What may not be done directly most assuredly may not be done indirectly. The elimination of dual inheritance in 1963 clearly established that policy, and the current language of § 1–207(a) simply reflects the continuation of that policy.

We hold that because § 1–207(a) eliminates the adopted child's right to inherit from the natural parent it concomitantly abrogated the right to inherit through the natural parent by way of representation.

"The Legislature giveth, and the Legislature taketh away."

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANTS.