ALEXANDER E. DUNCAN *v.* R. WALTER GRAHAM ET AL., TRUSTEES, ET AL.

[No. 49, April Term, 1928.]

*Decided June 22nd, 1928.*

508

 

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Charles C. Wallace* and *Roger B. Williams,* for the appellant.

*A. Walter Kraus, City Solicitor,* and *Simon E. Sobeloff, Deputy City Solicitor,* with whom was *C. Morris Harrison* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

On a taxpayer's bill in equity to restrain payment of accidental death benefits from the employees' retirement fund of Baltimore City to the widow of J. Archer Bell, city register at the time of his death on June 27th, 1927, it is contended that the city government is without power to include the allowance of such benefits in its retirement system, and that, even if the city had the power and the ordinance exercising it were valid, the accident causing death here was not one upon which the benefits would, according to the terms of the ordinance, be payable. The ordinance provides for payment of accidental death benefits only in case the accident has occurred while the employee was in the actual performance of duty, and Mr. Bell was struck by an automobile and killed while on his way from a bank to his office in the city hall. The trustees of the fund concluded that the accident did occur while Mr. Bell was in the actual performance of duty, and awarded the benefits. The court below decided that it was within the power and authority of the city to include the allowance of these benefits in its retire-

ment system, and that the conclusion of the trustees on the occurrence of the accident during the performance of duty should be upheld. This court has, however, come to a different conclusion on the construction of the authorizing statute, and holds that it has not given the city power to include this general provision for payment of accidental death benefits, and that therefore the provision in the ordinance and the present award under it are invalid. That conclusion renders it unnecessary, of course, to consider the question whether the particular accident was covered by the terms of the ordinance.

The enabling act is the Act of 1924, ch. 411, and it gives the city power: "To establish and maintain a general system of pensions and retirements for the benefit and advantage of its officers, agents, servants and employees, with necessary classifications and terms of admission; to provide for the inclusion in such system, with the consent of a majority of its members, any existing pension system for officers, agents, servants and employees by whatever authority appointed, the salary or compensation of the members of which is paid by the Mayor and City Council of Baltimore; to provide that upon the establishment of any such system of pensions and retirements, the officers, agents, servants and employees theretofore or thereafter appointed, by whatever authority, whose salary or compensation is paid by the Mayor and City Council of Baltimore, shall be eligible, subject to such exceptions, limitations and restrictions as may be deemed expedient, to admission to such pension or retirement system; and to provide that such officers, agents, servants and employees thereafter appointed, by whatever authority, shall not be eligible to admission to any other pension system, the revenues of which are derived wholly or partly from appropriations made by the Mayor and City Council of Baltimore, from license fees or from fines and forfeitures imposed under laws or ordinances in force in the City of Baltimore." There was added a proviso saving from the operation of the statute the system of pensions for policemen.

The ordinance makes elaborate provision for pensions and

retirements of employees, with payments to be made to them while living, and then adds two beneficial or insurance features: "ordinary death benefits," paying to the estates of employees or to designated beneficiaries having insurable interests the accumulated contributions made by the employees and half of their yearly compensation; and, upon proper proofs that the deaths have resulted from accident occurring in the performance of duty, then "accidental death benefits," paying the accumulated contributions, and paying pensions of half a year's compensation to widows during widowhood, dependent children during minority, or dependent parents during life.

The system provided is one which in some or all its parts has been designed and adopted in other countries and states to arrange for municipal employers beneficial aids for their employees similar to those which have been adopted by private employers of large numbers of workmen. The features of the plan were made a subject of study by the Institute of Government Research, of Washington, and the discussion in its publication (Meriam, Principles Governing Retirement of Public Employees, 1918), appears to have guided subsequent legislation on the subject. There appears to be in the present ordinance some departure from the model in its providing accidental death benefits not only for employees whose employment brings danger of accident upon them but also for those who are subject to no more than the risks common to all people alike; and in doing so it departs from the basis of compensation for employment hazards and makes a gift of a kind of accident insurance pure and simple. And at the outset, an intention on the part of the Legislature in any act to authorize that extension of the burden of insurance on behalf of the city taxpayers seems open to doubt.

The legal construction of the statute is to be deduced from the meaning of the words to the legislators, not merely from meanings which have been developed by special students of the subject, and not from extensions of meaning in enactments elsewhere—except, of course, in so far as we may say

that those extensions have effected extensions in the general acceptation. And neither courts nor municipal officers may engraft an extended plan or policy, however desirable and benevolent it may be, upon the statute, as the Legislature has passed it.

The general understanding of a provision for "a system of pensions and retirements for the benefit and advantage" of employees would seem to this court to be only that aids for support are to be given to the employees themselves upon their retirement. That seems to have been the meaning in which these or similar words have been used in legislative enactments preceding this one. Before 1924, there were three classes of city employees given pensions or aids after retirement, firemen, policemen, and public school teachers; and in addition there were reliefs or pensions given to widows and children of firemen and policemen killed in the discharge of duty. Several classes of state employees had been made beneficiaries of similar pensions or reliefs, and pensions had been provided for widows and dependent children of volunteer firemen killed in the discharge of duty. Relief pensions for dependents were added only in cases of the two hazardous employments of firemen and policemen, and in every instance these were added in special legislative provisions for the dependents directly. Invariably a "pension" was treated as a payment to the designated beneficiaries while living, and sometimes was expressly distinguished from the provisions made for dependents, as, for example, in the enactments of the section numbered 70 in the city charter. See as to firemen and policemen: Acts 1880, ch. 409; 1884, ch. 312; 1886, ch. 459; 1886, ch. 463; 1900, ch. 266; 1916, ch. 510; 1922, ch. 283. As to school teachers: Acts 1908, ch. 78; 1916, ch. 506; 1920, ch. 509. As to clerks and turnkeys in the state penitentiary, Act 1888, ch. 306. In 1924 there was also a provision made (chapter 245), for a retirement allowance of $1,000 a year to court bailiffs in Baltimore City. And in connection with these provisions it is to be borne in mind that, since the year 1914,

the Workmen's Compensation Act (Code, art. 101, sec. 35) has made provision for workmen injured in hazardous employments under the city government, and for their dependents in case of death, by accident arising out of and in the course of their employments.

In 1922, the Legislature first passed an act, chapter 432, for a general extension of the practice of pensioning Baltimore City employees, authorizing the extension of any existing pension system and the establishment of any new system for the benefit of all classes of officers and employees. And that act was superseded by the Act of 1924, ch. 411, under which the present ordinance has been passed. This last act merely has authorized the adoption of one general system of pensions and retirements, which may include in its benefits all classes of employees, one system for all rather than the several systems for several classes previously provided for. The view that the word "general" makes the provision comprehensive as to kinds of aid or insurance, is one this court does not share; we think the word refers only to the comprehension of all classes of employees. And we do not find ground for holding that the Legislature intended to authorize anything more, as "pensions and retirements," than the payments to employees while living, such as were authorized in the laws previously existing.

It is argued against this construction that it excludes authority for the allowance of ordinary death benefits, too, of the repayments of accumulated contributions to the fund, and half a year's compensation to the estates of deceased employees or to designated beneficiaries. But for this case it is not necessary to decide whether such a result follows. It may be questioned whether the allowance of ordinary death benefits is anything more than a proper adjustment of a deceased employee's interest in the fund organized. Here we are concerned only with the provision of accidental death benefits for all employments, the hazardous and the non-hazardous alike; and that, as we say, seems to this court to be outside of the legislative authority.

It is argued, again, that if the system contemplated by the act is construed to be one merely for payments to the persons designated, officers, agents, servants and employees, then the inclusion in it of the existing system for pensions to firemen, which is expressly provided for, must result in cutting off the long added incident of relief to widows and children of firemen killed in discharge of duty, and that, as the Legislature could not have intended to cut this off, so they could not have intended a restriction of their system of pensions and retirements which would exclude the accidental death benefits for all employees now covered, but, on the contrary, must have intended to extend such benefits to all alike. The argument has force, but this court has concluded that the Legislature, in authorizing the bringing in of the existing system of pensioning firemen, has intended to bring with it the incidental provision for relief to their widows and children, but still has not intended by that to authorize extending a similar relief to dependents of all employees alike, clerks in the city hall, for instance, along with firemen. It seems to us that, while the Legislature would naturally intend to continue this specially appropriate incident to firemen's pensions, it may consistently have intended to leave this as a special, peculiar incident even when administered under a general system providing for all employees alike. And we infer that it did so intend from the ordinary meaning, as we see it, of a provision for pensions and retirements only, from the seeming unlikelihood of extending accidental death benefits to those who incur no danger from their employments, and the fact that all who do incur danger have already been provided for either in the Workmen's Compensation Act or in the special statutes for firemen.

As we believe, then, that this provision of a system of pensions and retirements for all employees did not authorize also an allowance of accidental death benefits to dependents of all, the decree based upon the opposite construction must be reversed.

*Decree reversed, with costs to the appellant.*