ANDREW J. HOPPER *v.* HARRY C. JONES, STATE EMPLOYMENT COMMISSIONER

[No. 39, April Term, 1940.]

*Decided June 12th, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*J. Calvin Carney,* with whom was *Preston A. Pairo* on the brief, for the appellant.

*William L. Henderson, Deputy Attorney General,* with whom was *William C. Walsh, Attorney General,* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Andrew J. Hopper, of Anne Arundel County, filed a petition for a writ of mandamus to compel Harry C. Jones, State Employment Commissioner, to rescind an order laying him off from employment as an industrial accident investigator for the State Industrial Accident Commission, and to reinstate him in that position. His petition was dismissed by the Baltimore City Court.

The appellant, a veteran of the World War, received his appointment under the Merit System in December, 1937, with the credit allowed to veterans at that time Code (Supp. 1935) art. 64A, sec. 9. During the fiscal year ending September 30th, 1939, the claim staff for the State Accident Fund consisted of five investigators with the following annual salaries: $2200, $2200, $2000,

$1800 and $1500. The appellant was paid the salary of $1500.

The Budget Act of 1939 contained appropriations for only four industrial accident investigators with salaries of $2200, $2200, $2000 and $1800. Acts of 1939, ch. 284. Since the Legislature made no appropriation for an investigator with the salary of $1,500, the State Employment Commissioner issued an order of lay-off on November 13th, 1939.

The appellant contended that the order was contrary to the provisions of the Merit System Act. This statute provides that whenever positions are to be abolished or discontinued as a result of change in departmental organization or stoppage or lack of work, the employees shall be laid off in the order provided by the rules of the State Employment Commissioner. Code, art. 64A, sec. 16. The statute also provides that any rules which the State Employment Commissioner deems necessary or proper to carry out its provisions, when approved by the Governor, shall have "the force and effect of law." Code, art. 64A, sec. 4. Rule 52 of the Merit System provides that, whenever positions are to be abolished or discontinued, the appointing authority shall lay off those employees whose service ratings are lowest. The appellant argued that Charles G. Griebel, who has been serving as an investigator since 1916, should have been laid off because he had the lowest service rating, although he has been receiving the salary of $1800.

The question to be determined in this case is whether the intention of the Legislature was to abolish the specific position which paid $1500, or any one of the five positions. The primary duty of the court, in construing a statute, is to ascertain and give effect to the intention of the Legislature. *Bouse v. Hull*, 168 Md. 1, 176 A. 645. It is conceded that if the same salary had been paid to each investigator, the one with the lowest service rating would have been subject to lay-off. The Budget Act does not mention the names of the public officers and employees of the State; but the designation of the

amounts to be paid to each of the four remaining investigators unmistakably identifies them. It is true that the salary schedule in the Budget Act is subject to amendment. Acts of 1939, ch. 64, art. 15A, sec. 8. But the law does not allow any deviation from the amounts set therein, unless an amended schedule, recommended by the State Employment Commissioner, is requested by the department, reviewed by the director of the budget, and approved by the Governor; and no such amendment was made in this case. The differences in the salaries of the investigators were substantial, and these differences were apparently not determined by length of service. State Employment Commissioner Jones testified that the investigators were expected to perform the same kind of duties, but he had no knowledge of the assignment of work given to each of the investigators. Philip F. McGreevy, the investigator in charge, testified: "The duties that the investigators perform are all different, one from another."

In a case in New Jersey, where a plumbing inspection staff had consisted of three members, two of whom were laid off for the sake of economy, one of them complained that his lay-off contravened the civil service act and the act prohibiting the abolition of a position held by a war veteran. But the Supreme Court of New Jersey held that the acts did not apply to his case, because he, and the plumbing inspector in charge, who was retained, did not occupy positions of "the same class and grade." *Santucci v. City of Paterson,* 113 N. J. L. 192, 173 A. 611, 612.

The appellant relied upon the familiar rule of construction that repeals of statutes by implication are not favored by the courts, but that where there are two acts on the same subject, the court should give effect to both acts if possible. *Leitch v. Gaither,* 151 Md. 167, 134 A. 317; *State v. Clifton,* 177 Md. 572, 10 A. 2nd 703. There is an equally well established rule that when the later of two acts covers the whole subject matter of an earlier one, and plainly shows that it was intended to be a sub-

stitute for it, while not purporting to amend it, the later act will operate as a repeal of the earlier one, although the two acts are not repugnant. *District of Columbia v. Hutton,* 143 U. S. 18, 12 S. Ct. 369, 36 L. Ed. 60; *Black, Interpretation of Laws,* 116. Thus the Supreme Court of Kansas has said: "Of course, when the Legislature is legislating directly on any subject, it may close its eyes, and frequently does, to all earlier legislation, and a later act, as the last expression of the legislative will, will supersede and repeal by implication all inconsistent earlier legislation." *Hicks v. Davis,* 97 Kan. 312, 154 P. 1030, 1032; 59 *C. J., Statutes,* sec. 514. But neither of those rules is applicable to the present case, for the Budget Act does not cover either any part or the whole of the Merit System Act. It merely discontinues an appropriation. It has been said that the language of a statute is its most natural expositor. When a statute can be given sensible interpretation, the court should not be influenced in its decision by any extraneous considerations. The court can not allow public officers to engraft an extended plan or policy, however desirable or benevolent it may be, upon the statute as the Legislature has passed it. *Duncan v. Graham,* 155 Md. 507, 511, 142 A. 593; *Frederick Iron & Steel Co. v. Page,* 165 Md. 212, 220, 166 A. 738. Our conclusion is that since the Legislature has discontinued the appropriation for an annual salary of $1500 for an industrial accident investigator, and the appellant was the only investigator receiving that salary, he lost his position by operation of law.

The appellant also contended that the order of lay-off contravened the Veterans' Preference Act of 1939. This amendment to the Merit System Act provides that veterans, who served during the war with Spain or the World War, and have been residents of this state for five years or more, shall be given special credit for such service; and when they qualify therewith, they shall be certified before non-veterans for appointment, employment, reinstatement or re-employment. Acts of 1939, ch.

673. In the State of Washington the Veterans' Preference Act has been held to apply not only to appointment but also to order of lay-off. *State v. City of Seattle*, 148 Wash. 565, 269 P. 850. In Michigan the statute has been held to apply only to original employment and not to lay-off. *Swantush v. City of Detroit*, 257 Mich. 389, 241 N. W. 265. But, since the Legislature has failed to appropriate for the salary of the appellant, it is unnecessary in this case to determine the validity or the scope of the amendment. It has been repeatedly held that a Veterans' Preference Act can not circumscribe the right of municipal officials to abolish a position whenever they consider that such action is necessary for the public welfare, even though a veteran may be ousted thereby, provided that there is no evidence of bad faith or subterfuge to defeat the statutory preference. *Maxwell v. City of Wildwood*, 111 N. J. L. 181, 168 A. 143; *Owen v. City of Detroit*, 259 Mich. 176, 242 N. W. 878. *A fortiori*, the appellant can not challenge the will of the law-making power of the State.

As the Merit System Act does not apply to the case of the appellant, the order of the court below dismissing his petition for mandamus must be affirmed.

*Order affirmed, with costs.*