GRACE HART, ET AL. *v.* MERCANTILE TRUST
COMPANY OF BALTIMORE, ETC.

[No. 81, October Term, 1941.]

*Decided January 13, 1942.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MAR-BURY, JJ.

J. *Royal Tippett, Jr.*, with whom were *Carlyle Barton* and *Robert MacGregor* on the brief, for the appellants.

*Hall Hammond, Deputy Attorney General*, with whom was *William C. Walsh, Attorney General*, on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The question is whether a testator's children, caveators of his will, who received an additional part of his estate by virtue of a compromise agreement with a legatee corporation, are to be taxed on that part at the rate fixed for assets passing to children, 1 per cent., or at that on assets passing to a corporate distributee, $7\frac{1}{2}$ per cent. Article 81, Section 109, of the Code provides that a tax of 1 per cent. is levied and imposed on every one hundred dollars of the clear value of any property "passing at the death of any resident" to children of such decedent. And Section 110 of the same Article provides the tax of $7\frac{1}{2}$ per cent. on such property "passing at the death of any resident" to other than the father, mother, husband, wife, children or lineal descendants of the decedent.

The will of Walter H. Hart, of Annapolis, who died on March 21, 1937, gave certain specific and pecuniary legacies, among them an annuity of $200 per month to each of his two daughters for ten years should she live so long, and then gave and bequeathed the residuary estate to the Salvation Army, a corporation, specifying the use it should make of the fund. The will was duly admitted to probate, and subsequently the daughters filed a petition and caveat to it. Before the issues were tried in the Circuit Court for Anne Arundel County the residuary legatee named, the daughters and the executor, entered into an agreement compromising the dispute, and providing that to effectuate it the will should be judicially determined to be valid, and an order sustaining it should be entered by the Orphans' Court of Anne Arundel, that the pecuniary and specific legacies

should be paid, that sufficient real estate in the assets should be sold to raise money for the necessary payments and distributions, that the daughters should assign to the Salvation Army all their right and interest as legatees, devisees or annuitants, and that the Salvation Army should then receive the remainder of the real estate as sole residuary legatee, pay taxes and expenses, retain $25,000, and convey and assign one-half of the net estate, not exceeding $100,000, to the daughters as tenants in common. A verdict sustaining the will was then entered in pursuance of the agreement.

Judge Linwood L. Clark, who in a clause of the will bequeathing him a specific legacy had been requested to see that the will was faithfully carried out with justice to everyone, filed in the Circuit Court in equity a bill of complaint seeking assumption of jurisdiction of that court for the purposes of settlement of the estate, instructions to him for proceeding upon the request, and ratification of the agreement made; and the court ratified the agreement and retained jurisdiction for settlement and distribution according to its terms. As stated in an opinion filed in that proceeding, it was determined that the compromise agreement was entered into in good faith, to settle a dispute in which the interests of the respective parties were jeopardized, and not in a conspiracy to destroy a testamentary purpose.

Upon a threat of payment to the Register of Wills of Anne Arundel County of the tax of 7½ per cent. on the whole amount bequeathed originally to the Salvation Army that corporation and the daughters of the testator have filed a bill seeking a declaratory judgment, Code, 1939, Art. 31A, Sec. 1 et seq., determining the question of the rate of taxation now in controversy. The executor was made respondent and the Register of Wills intervened. The decree below fixed the tax payable at 7½ per cent. on the full amount bequeathed to the Salvation Army, and the beneficiaries appeal.

The question is a new one in this court, except that in *Bouse v. Hull*, 168 Md. 1, 7, 176 A. 645, a case in which

the amounts of pecuniary legacies to corporations fell by renunciations into the residuum of the estate given to direct descendants, it was held that the collateral inheritance tax of 7½ per cent. could not be collected on those amounts; and that decision was in effect that the disposition under the terms of the will did not fix the rate of taxation, irrespective of subsequent change in the passing of the estate as a result of the renunciations. The reason stated was that nothing passed to the pecuniary legatees within the meaning of the statute if they did not accept the legacies, and the tax was laid upon distributive shares received. Here the Salvation Army did, in form, accept its legacy and devise, but in performance of a compromise agreement that the portions specified should pass to the daughters, renouncing in effect so much of the gift, but yielding it specifically to the daughters.

The question itself is clear, but courts of the country which have considered it under somewhat varying statutes have disagreed in the answer. The decisions are sufficiently reviewed in an annotation in 78 *A. L. R.* 716, and an article in the magazine "Taxes" of June, 1941. Courts in one group have taken the view that, according to the intention of the statutes, the property to be taxed passes under such an agreement in accordance with the terms of the will, that the tax is fixed at the date of the testator's death, that the assignment by the legatee named is a subsequent action outside of the administration and distribution of which the law takes cognizance, and, therefore, the rate of taxation is to be ascertained from the disposition in the will. Other courts have reasoned that the statutes have imposed the tax on the property received under the agreements intervening and controlling the distribution, that the intention has been to tax property which in any manner passes to persons of the one specified class or the other, those related to the decedent as specified and those not so related. And those courts have fixed the tax at the lower rate for relatives taking.

This court, differing from the chancellor, takes the second view. If the form of the settlement be adhered to, if we look no further than the verdict and order which delivers the whole legacy to the Salvation Army, it would follow that the rate of taxation should be 7½ per cent. on the whole. But that disposition would not, as it seems to us, go to the substance of the distribution as it is exhibited to the court. The Maryland statutes cited are concerned with the persons who receive portions of the testator's estate in distribution. *Bouse v. Hull, supra.* All the courts by which this will and its administration have been considered, have had before them the fact that, whatever the form adopted for effectuating it, the distribution was to be controlled by the agreement, and that distribution was found valid, and has been judicially ratified. As it was in fact the primary distribution of the estate that was made under the agreement the form seems indecisive. We think the better reason requires that the daughters be recognized as the distributees of the portion passing to them as a result of the agreement, and that the rate for taxation of that portion be fixed at 1 per cent. All that the Salvation Army receives by assignment from the daughters should by the same reasoning, be taxed 7½ per cent.

The court is not unaware of the danger that agreements might be made which, following this solution of the problem, would by a merely pretended change in distribution defraud the State of the greater amount of taxes due it upon the actual distribution. It is a danger which does not seem great, but, however that may be, the solution adopted appears to this court more in conformity with the purpose of the statutes, and frauds can be dealt with when they are practiced.

> *Decree reversed, and cause remanded for a decree to be passed in accordance with this opinion, costs to be paid out of the estate.*