770 P.2d 1100 (1989)
In the Matter of the ESTATE OF Velma Rife JONES, Deceased.
SHRINERS HOSPITALS FOR CRIPPLED CHILDREN, Appellant (Petitioner),
v.
FIRST SECURITY BANK OF UTAH, N.A., Personal Representative; First Security Bank of Rock Springs, Resident Personal Representative; Rock Springs Grazing Association; Lazy VD Land and Livestock; Elza Eversole; and Lois M. Eversole, Appellees (Respondents).
No. 88-4.
Supreme Court of Wyoming.
March 21, 1989.
Henry A. Burgess and Robert James Wyatt of Burgess & Davis, Sheridan, for appellant.
Michael J. Finn of Scorsine Law Office, Rock Springs, for appellees First Sec. Bank of Utah, N.A. and First Sec. Bank of Rock Springs.
Calvin E. Ragsdale of Marty & Ragsdale, Green River, for appellees Rock Springs Grazing Ass'n, Lazy VD Land and Livestock, Elza Eversole and Lois M. Eversole.
Before CARDINE, C.J., THOMAS and MACY, JJ., ROONEY and BROWN, Retired, JJ.
BROWN, Justice, Retired.
Appellant Shriners Hospitals for Crippled Children (Shriners), a contingent beneficiary of a testamentary trust established in the will of Velma Rife Jones, sought relief under W.R.C.P. 60(b) from an order authorizing and confirming the sale of estate assets. The district court denied the motion and Shriners appeals.
Shriners states the issues to be:
1. Whether Appellant has standing to claim relief under W.R.C.P., Rule 60(b).
2. Whether the District Court has the authority under W.R.C.P., Rule 60(b) to set aside the conveyance made pursuant to its Order Approving Sale Of Real Property And Confirmation Of Sale entered May 19, 1987.
3. Whether failure of Co-Personal Representatives to give Appellant the notice mandated by Wyo. Stat. (1977), §§ 2-7-615 and 2-7-205(b) nullifies the District Court's Order and Personal Representatives' Deed dated May 19, 1987.
4. Whether the purported sale of May 19, 1987 can be set aside because it was unnecessary and not in Appellant's best interest.
5. Whether it was reversible error for this Court to cut-off Appellant's discovery and to deny Appellant the opportunity for a full and fair hearing of its claim under W.R.C.P., Rule 60(b).
Answering the following question, similarly posed in Issue No. 3, effectively disposes of all the issues raised by Shriners:
*1101 Is a contingent beneficiary of a testamentary trust entitled to separate and individual notice of a proposed sale of an estate asset in addition to notice given to the trustee? We answer that question in the negative and affirm the trial court.
Velma Rife Jones, a Utah resident, died testate on October 19, 1986. Her will contained specific bequests to several named cousins, if they survived her, and the residuary estate was left to appellee, First Security Bank of Utah, N.A., as trustee of a testamentary trust. Darrell Rife Mork, the decedent's sister, was named as lifetime beneficiary of the trust income, with the remainder to Shriners and the University of Utah if they qualified as organizations described in §§ 170(c) and 2055(a) of the Internal Revenue Code.
The assets of the estate included a Wyoming ranch, and the will was consequently admitted to ancillary probate in Wyoming. Appellees, First Security Bank of Utah and First Security Bank of Rock Springs, were appointed co-personal representatives. Appellees Rock Springs Grazing Association, Lazy VD Land and Livestock, and Elza Eversole were interested in buying the ranch, which was appraised at $1.2 million in 1985, and was reappraised at $925,000 in August, 1987. They formed a joint venture called Southern Wyoming Cattle Company and made a cash offer of $820,000 to the co-personal representative, First Security Bank of Utah. The trust officer made minor modifications to the offer and Southern Wyoming Cattle Company accepted those terms.
The co-personal representatives filed a petition for authority to sell the real property as required by W.S. 2-7-614 (July 1980 Repl.). The asserted reasons for the sale were that
the Estate is in need of liquid assets to pay the debts, specific bequests, costs of administration and taxes of the Estate and that the ultimate beneficiary of the Estate (a trust for the benefit of Darrell Rife Mork, the sister of Velma Rife Jones during her lifetime and then after her death two charities) has no desire to own or operate the Rife Ranch.
The petition further stated that
[t]here has been filed herein Waiver of Notice of hearing of the above matter by the only beneficiaries of the Estate of Velma Rife Jones, Deceased, and Petitioners believe that no notice of the hearing of the Petition needs to be given.
Attached to the petition were waivers of notice executed by the recipients of the five specific will bequests and First Security Bank of Utah as trustee of the testamentary trust.[1] No notice was given to Shriners or the University of Utah. On May 19, 1987, the court entered an order approving and confirming the sale.
On July 6, 1987, Shriners filed a W.R.C.P. 60(b) motion for relief from the order, requesting the court to set aside the sale and declare it void. Shriners asserted that the failure to provide notice to the contingent beneficiaries or remaindermen violated the statutory notice requirements. The relevant notice statutes provide:
Upon filing of the petition, the court shall fix the time and place of hearing of the petition, and the personal representative shall give notice of the hearing as provided in W.S. 2-7-205, * * *. At the hearing and upon satisfactory proof the court may order the sale, mortgage, exchange, pledge or lease of the property described or any part thereof at such price and upon such terms and conditions as the court may authorize.
W.S. 2-7-615 (July 1980 Repl.) (emphasis added).
Unless waived in writing by the parties entitled thereto, the notices required in W.S. 2-7-202, 2-7-203, 2-7-204, 2-7-615, 2-7-806, 2-7-807 and 2-7-811 shall be mailed not less than ten (10) days prior to the date of hearing, the date for filing objections, or sale, as the case may be, to the surviving spouse, if any, and to all of the heirs of a decedent dying intestate or *1102 to all of the beneficiaries named in the will of a decedent dying testate.

W.S. 2-7-205(b) (July 1980 Repl.) (emphasis added).
Shriners asserted that it was one of the "beneficiaries named in the will" and was therefore entitled to notice. In response, the co-personal representatives argued that Shriners, as a trust beneficiary, was not entitled to notice, that Shriners was not entitled to file a motion for relief under W.R.C.P. 60(b), and that the motion for relief was an impermissible collateral attack on the district court's order. In disposing of the motion, the district court did not address the question of whether Shriners was one of the "beneficiaries named in the will" as that term is used in W.S. 2-7-205(b). Instead, the court relied on W.S. 2-7-620 (July 1980 Repl.), which provides:
No proceedings for sale, mortgage, pledge, lease, exchange or conveyance by a personal representative of property belonging to the estate is subject to collateral attack on account of any irregularity in the proceedings which do not deprive the court of jurisdiction.
Relying on Hartt v. Brimmer, 74 Wyo. 338, 287 P.2d 638 (1955) and Security-First National Bank of Los Angeles v. Superior Court of Los Angeles County, 1 Cal.2d 749, 37 P.2d 69 (1934), the district court concluded that the estate administration was an in rem proceeding and, because the court had jurisdiction over the property and the personal representative, failure of notice to Shriners was not a jurisdictional defect. In addition, the court apparently concluded that Shriners' motion constituted a collateral attack concerning a non-jurisdictional matter. Shriners appeals from the denial of its W.R.C.P. 60(b) motion.
Although our legal analysis of the issues in this case differs from that employed by the trial court, the end result is the same.
Shriners contends that it is a beneficiary under the will and that its interest is vested, rather than contingent, and as a vested beneficiary it was entitled to notice of the proposed sale of an estate asset. In support of this reasoning, Shriners cites In re Potter's Estate, 396 P.2d 438 (Wyo. 1964); McGinnis v. McGinnis, 391 P.2d 927 (Wyo. 1964); and W.S. 2-7-402, 2-7-615 and 2-7-205. The cases cited by Shriners do not support its contentions.
Potter's Estate involved, among other things, the question of the vesting of real property in the heirs at law of a decedent who died intestate and the necessity of selling estate property. In that case, this court stated that "[o]nly the executor, administrator, spouse, next of kin, heirs, legatees, devisees, and creditors of the deceased or of the administration are parties interested in the estate." In re Potter's Estate, 396 P.2d at 447.
In support of its contention that it is a vested beneficiary or vested remainderman, Shriners cites McGinnis. That case has nothing to do with determining the nature of Shriners' interest. In McGinnis, a family owned a ranch and in 1941 assigned the oil and gas royalties in trust to a bank. In 1956, one family member received royalty payments and refused to pay the royalties to the trustee. The rest of the family sued the relative, and he defended on the grounds that the assignment was illegal on the basis of the "rule against perpetuities," and that it was an unreasonable restraint on alienation. This court held the trust was valid. Neither McGinnis nor Potter's Estate involves notice or lack of notice to contingent beneficiaries or contingent remaindermen and has no relevancy in the case before us.
Clearly Shriners' interest in the trust property is not vested. "[A] vested remainder is one which is limited to a person in being, whose right to the estate does not depend on the happening or failure of any future event. Safe Deposit & Trust Co. v. Bowse, 181 Md. 351, 29 A.2d 906 [(1943)]. 8 Maryland L.Rev. 142." 28 Am.Jur.2d Estates, § 242, n. 6 (1966). There is at least one future circumstance that would prevent Shriners from ever receiving any benefits under the trust  if, at the time of the death of the life beneficiary of the trust, Shriners is not an "organization described in Section 170(c) and Section 2055(a) of the Internal Revenue Code of *1103 1954 as amended * * *." The resolution of the problem of notice does not depend, however, upon whether Shriners was a vested beneficiary or a contingent beneficiary. It still was not a "beneficiary named in the will."
W.S. 2-7-402 (July 1980 Repl.) states in pertinent part:
Except as otherwise provided in this code, when a person dies the title to his property, real and personal, passes to the person to whom it is devised by his last will, or in the absence of such disposition to the persons who succeed to his estate as provided in this code. However, all of his property is subject to the possession of the personal representative and to the control of the court for the purposes of administration, sale or other disposition under the provisions of law, * * *."
Under W.S. 2-7-402, title to decedent's property passed to the person to whom it was devised. In this case it passed to First Security-Utah, as trustee, not Shriners or the University of Utah.
W.S. 2-7-615 requires that notice of the hearing for the sale of real property to be given as provided in W.S. 2-7-205 (July 1980 Repl.) "to all of the beneficiaries named in the will of a decedent dying testate." W.S. 2-7-615 and 2-7-205 in combination simply provide that notice of a hearing for the sale of estate property be given to "beneficiaries named in the will of a decedent dying testate." In this case, the beneficiary named in the will is the First Security Bank of Utah, not Shriners or the University of Utah. Shriners and the University of Utah are contingent beneficiaries under the testamentary trust established by decedent. Coincidentally, the terms of the will and the trust are set out in the same instrument, but each has independent life without regard to the other. Stated another way, the will is not dependent on the trust for its legal existence nor is the trust dependent on the will. Shriners cannot "bootstrap" its status as a contingent beneficiary under the trust to a beneficiary under the will just because the terms of the will and the terms of the trust are set out in the same instrument. Furthermore, just because the testator of the will and the trustor or settlor of the trust is the same person does not make the beneficiary of the trust also the beneficiary "named in the will."
Limiting the requirements of notice to the beneficiaries named in the will, as required by W.S. 2-7-205 and as we have done here, has practical significance. If the contingent beneficiaries of the trust were a large group of persons, an intolerable burden on the administration of the estate would develop and lead to expensive, endless and needless litigation if notice of the sale of an estate asset need be given to each individual contingent beneficiary under the testamentary trust.
Our holding in this case is simply that a contingent beneficiary of a testamentary trust is not entitled to individual notice of the proposed sale of an estate asset. This holding makes it unnecessary to address other issues raised by Shriners.
Affirmed.
CARDINE, C.J., files a dissenting opinion in which ROONEY, Retired J., joined.
ROONEY, Retired J., files a dissenting opinion in which CARDINE, C.J., joined.
CARDINE, Chief Justice, dissenting, with whom ROONEY, Justice, Retired, joins.
I would reverse.
On the issue of notice, Shriners advances two arguments. First, it asserts that it is one of the "beneficiaries named in the will" as that term appears in W.S. 2-7-205(b). Second, it argues that, because of its property interest in the estate, notice is required by the Due Process Clause of the United States Constitution. I would hold that appellant is correct on both counts. Shriners, however, was a "beneficiary" named in the will, and that alone was sufficient to require notice.
It is quite astonishing that the court concludes that contingent beneficiaries are not beneficiaries and therefore not entitled to notice of disposition at private sale of a *1104 significant asset. Even more astonishing is the suggestion that a will containing trust provisions is not a will or that trust provisions in a will are not part of the will. The instrument involved here is titled "Last Will and Testament of Velma Rife Jones." Within the body of the instrument is established a trust in which appellant is a named beneficiary. There is no settled law of which I am aware that permits the court to hold that what it does not like in a will simply is not in the will.
To complete this strange circle of result justification is the suggestion that some policy is served by denying notice because contingent beneficiaries may be "a large group of persons" and notice to them would be "expensive," an "intolerable burden" and lead to "endless * * * litigation." And so for expediency, the court approves this sale without the beneficiary, in whom title may ultimately vest, receiving notice or having the right to be heard. The result in this case was sale of a ranch first appraised for $1,200,000 being sold for the sum of $820,000. Perhaps the amount received for sale of the ranch was reasonable. But one cannot help but wonder, why not give notice of the sale to named beneficiaries.
The Wyoming probate code does not define the term "beneficiaries." When construing statutes, however, "[w]ords and phrases shall be taken in their ordinary and usual sense" and "technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." W.S. 8-1-103. In its ordinary and usual sense, the term "beneficiary" means "one who receives something." Webster's Third New International Dictionary (1971). In law, "beneficiary," standing alone, is defined as "[o]ne who benefits from [the] act of another." Black's Law Dictionary (5th ed. 1979). Shriners surely receives something and benefits from the act of the testatrix, Velma Rife Jones. If it meets the qualifications set forth in the will, it is entitled to a remainder interest in the estate. In addition, Shriners is unquestionably "named in the will." Notice, therefore, was required by W.S. 2-7-615 and 2-7-205(b).
ROONEY, Retired Justice, dissenting, with whom CARDINE, C.J., joins.
I join in the dissent of Chief Justice Cardine. In addition to that said by him, I note that this is a testamentary trust. Contrary to that said in the majority opinion, it does not have any "independent life without regard to" the will, and it is "dependent on the will [for its legal existence]." Appellant benefits only because of the will, albeit through a trust established therein. As expressly set forth in the will, the intent of the testator was to benefit the appellant  not the trustee. Appellant was a beneficiary named in the will as provided in W.S. 2-7-615.
It would serve no purpose to address in this dissent the other issues presented in this case which become pertinent once appellant is recognized to be a beneficiary under the will. Whether or not I would find reversible error therein is not important.
NOTES
[1] The waiver from the bank initially states that First Interstate Bank of Utah is waiving notice. This no doubt is a typographical error.