In the Matter of the ESTATE OF
Velma Rife JONES, Deceased.

SHRINERS HOSPITALS FOR
CRIPPLED CHILDREN,
Appellant (Petitioner),

v.

FIRST SECURITY BANK OF UTAH,
N.A., Personal Representative, First Se-
curity Bank of Rock Springs, Resident
Personal Representative; Rock Springs
Grazing Association; Lazy VD Land
and Livestock; Elza Eversole; and Lois
M. Eversole, Appellees (Respondents).

No. 88–4.

Supreme Court of Wyoming.

Nov. 15, 1989.

Robert James Wyatt, Henry A. Burgess,
Burgess & Davis, Sheridan, for appellant.

David E. Arnold, Michael J. Finn, Scor-
sine Law Offices, Rock Springs, for appel-
lee, First Security Bank of Rock Springs.

Edward R. Munson, Jones Waldo, Hol-
brook & McDonough, Salt Lake City, for
First Security Bank of Utah, N.A.

Calvin E. Ragsdale, Marty & Ragsdale,
Green River, for appellees, Rock Springs
Grazing Ass'n, Lazy VD Land and Live-
stock, Elza Eversole, and Lois M. Eversole.

David L. Baker, Sp. Asst. Atty. Gen. for
amicus curiae, University of Wyoming,
Laramie.

Before CARDINE, C.J., THOMAS,
MACY and GOLDEN, JJ., and
ROONEY, J., Retired.

ORDER DENYING PETITION FOR
REHEARING AND CONFIRMING
PRIOR DECISION

CARDINE, Chief Justice.

This case came on before the Court upon
the Petition for Reargument and Rehearing
of Appellant, Shriners Hospitals for Crip-
pled Children, filed on April 5, 1989; Appel-
lant's Brief in Support of Petition for Rear-
gument and Rehearing, filed April 5, 1989;
Appellant's Supplemental Brief upon Re-
hearing Pursuant to the Court's Order Dat-
ed April 21, 1989, filed May 18, 1989; An-
swer of Appellees, Rock Springs Grazing
Association, Lazy VD Land and Livestock,
Elza Eversole and Lois M. Eversole to Peti-
tion for Reargument and Rehearing of Ap-
pellant, filed May 19, 1989; Brief on Re-
hearing of Appellees Rock Springs Grazing
Association, Lazy VD Land and Livestock,
Elza Eversole and Lois M. Eversole, filed
May 19, 1989; Answer and Supporting
Brief on Rehearing of Appellees First Se-
curity Bank of Utah, N.A. and First Securi-
ty Bank of Rock Springs, filed May 22,
1989; and Brief of Amicus Curiae Universi-
ty of Wyoming upon Rehearing, filed May
22, 1989; and the oral argument of counsel,
and the Court, having reviewed the file and
record of the Court and the opinion of the
Court in *Matter of Estate of Jones,* 770
P.2d 1100 (Wyo.1989), finds and holds that:

The primary interest of the University of
Wyoming as amicus curiae is expressed in
its statement of the issue as follows:

"1. Whether the property interest of
the remainderman of a charitable remain-
der trust is a contingent interest or vest-
ed interest subject to complete defea-
sance."

The Shriners Hospitals for Crippled Chil-
dren also expressed concern about its cate-
gorization as a contingent beneficiary.

The Court is of the opinion that the prior
decision of the Court should be confirmed
insofar as it is expressed in the essence of
the ratio decidendi:

"The resolution of the problem of notice
does not depend, however, upon whether
Shriners was a vested beneficiary or a
contingent beneficiary. It still was not a
'beneficiary named in the will.'" *Matter
of Estate of Jones,* 770 P.2d at 1103.

The Court now is of the opinion that the
description of the Shriners Hospitals for
Crippled Children and the University of
Utah as contingent beneficiaries of the tes-
tamentary trust is not a material concern
with respect to the disposition of this case.
Consequently, the Court withdraws that ca-
tegorization and those portions of the prior
opinion that seem to depend upon, or dis-

cuss, the status of Shriners Hospitals for Crippled Children and the University of Utah as contingent beneficiaries.

The Court understands that the requirement in the testamentary trust that those beneficiaries qualify as organizations described in §§ 170(c) and 2055(a) of the Internal Revenue Code is verbiage that is necessary to assure that the trust will be treated as a charitable remainder trust by the Internal Revenue Service. Consequently, it would appear that the point made by the University of Wyoming as amicus curiae that these beneficiaries should be perceived as vested beneficiaries whose interest may be defeated by the loss of their status as a charitable organization is sound and should be respected. We do not deem it necessary to so hold, however, any more than we now deem it to have been necessary to identify Shriners Hospitals for Crippled Children and the University of Utah as contingent beneficiaries.

The crux of this case is that any beneficiary of a trust created in a will is not a beneficiary under the will for purposes of the notice requirements of §§ 2–7–615 and 2–7–205, W.S.1977. We need make no further categorization of the status of Shriners Hospitals for Crippled Children than to conclude that it was not a "beneficiary under the will."

IT, THEREFORE, IS ORDERED that the Petition for Reargument and Rehearing of Appellant, Shriners Hospitals for Crippled Children, be, and the same hereby is, denied, and the opinion of the Court in *Matter of Estate of Jones,* 770 P.2d 1100 (Wyo.1989), is confirmed except that it is modified to withdraw therefrom any categorization of Shriners Hospitals for Crippled Children and the University of Utah as contingent beneficiaries.

ROONEY, Justice, Retired.

I would have granted the petition for the reasons set forth in my dissent and in the dissent of Chief Justice Cardine.